Matthew V. Moosbrugger (035449)
Moosbrugger Law, PLLC
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
Telephone (602) 845-973
Matthew@Moosbrugger-Law.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| BRUCE ALEXANDER WEAVER,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL INC.,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Virtual Inc., based on unlawful employment practices on the basis of sex (male) and to provide appropriate relief for Plaintiff who was adversely affected by such practices. As alleged with greater particularity in this Complaint, Plaintiff alleges that Virtual Inc. (hereinafter "Virtual" or "Defendant") subjected Plaintiff to severe and pervasive sexual harassment and/or hostile work environment on the basis of sex, leading to Plaintiff's constructive termination.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S. Code § 451, 1331, 1337, and 1343(a)(4). This action is authorized and instituted pursuant to sections 706(f)(1)(3) of Title VII of the Civil Rights Act of 1964, as amended, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United Stated District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, Bruce Alexander Weaver (hereinafter "Mr. Weaver" or "Plaintiff"), was at all relevant times an employee of Defendant in Maricopa County, Arizona.

4. At all relevant times, Defendant has been a corporation doing business in the State of Arizona.

5. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1)(b), (g), and (h).

**ADMINISTRATIVE PROCEDURES**

7. On September 10, 2022, Plaintiff initiated a Charge of Discrimination against Defendant in the Phoenix District Office of the Equal Employment Opportunity Commission (hereinafter "EEOC"), Charge Number: 540-2022-05396.

8. On February 28, 2023, Plaintiff received a Dismissal And Notice of Rights from the EEOC, entitling him to pursue his claims in Federal District Court by May 29, 2023.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

10. During Mr. Weaver's employment as an Examiner with Virtual, he was subjected to unwelcome conduct of a sexual nature from three female colleagues.

11. Specifically, beginning in or around October 2020, Ms. Rice was particularly flirtatious with Mr. Weaver, making numerous comments about his physical appearance such as, "you look like you work out," "even in a long sleeve shirt you still look buff," to which Mr. Weaver responded that he was married. However, that did not deter Ms. Rice's advances, so he began wearing a wedding ring to work even though he and his fiancé had not officially married each other yet.

12. Ms. Rice made additional statements such as "I can't believe you're a straight hairdresser, most male hairdressers are gay." After Mr. Weaver continued to ignore Ms. Rice's unwanted advances, Ms. Rice began treating Ms. Weaver in an increasingly hostile manner and making comments such as "you're probably gay." Ms. Rice even sabotaged the answers on Mr. Weaver's scantrons by writing "NO" all over them which almost resulted in Mr. Weaver's termination.

13. Additionally, Ms. Tormala and another female co-worker started a rumor that Mr. Weaver and his Supervisor, Mr. Mark Chirmer, were having an affair with one another.

14. Further, on April 12, 2021, Ms. Tormala pulled her skirt up to her hips and spread her legs while sitting in a chair exposing herself to Mr. Weaver and Mr. Chirmer while winking at them. Mr. Weaver and Mr. Chirmer reported the hostile work environment they were exposed to on numerous occasions to Defendant's corporate Human Resources Official, Ms. Kshonda Bishop-Crump.

15. Mr. Weaver was initially informed by management that the individuals creating the hostile work environment would be terminated, however months later the employees engaged in the unlawful workplace harassment had not been reprimanded,

disciplined, or terminated as promised and they continued to subject Mr. Weaver to an unlawful hostile work environment.

16. By October, 2, 2021, Mr. Weaver felt that he had no choice but to resign his position to prioritize his mental health which was diminishing as a result of Virtual's failure to provide a hostile-free work environment. Mr. Weaver submitted his resignation, stating in relevant part:

> Please accept this letter as notice of my resignation from my position as State Board Examiner effective immediately. The toxic work environment I have continuously found myself in at this job has taken a toll on both my physical and mental health and I can no longer put myself through the abuse. I find myself completely mentally and physically drained when I leave the Arizona State Board of Cosmetology every week. I have to put my health first. The constant bullying and harassment from Lisa, Crystal and Courtney has been overwhelming and after I made complaints and was told various multiple times that they would be fired and I would not have to deal with it anymore, I would show up to work to find them all still there continuing their bullying.

17. Mr. Weaver terminated his employment exclusively as a result of Defendant's failure to provide a hostile-free work environment based on his sex.

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**[Sex-Based Hostile Work Environment – 42 U.S.C. § 2000e-2(a)]**

18. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

19. From at least October 2020 until Mr. Weaver's constructive termination in October 2021, Defendant engaged in unlawful employment practices in Arizona, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Mr. Weaver to severe and pervasive harassment constituting a hostile work environment because of his sex, including but not limited to, repeated unwanted sexual advances by Ms. Rice; targeting Mr. Weaver with hostility by questioning his sexuality; calling Mr. Weaver

a "piece of shit," after rebuking her unwelcome sexual advances; attempting to get him terminated by sabotaging his scantrons; starting a rumor that Mr. Weaver and Mr. Chirmer were having an affair; and Ms. Tormala exposing herself to Mr. Weaver and Mr. Chirmer while winking at them.

20. As described with more particularity above, Defendant's staff regularly subjected Mr. Weaver to unwelcome advances, sex-based derogatory comments based on his perceived nonconformance with gender-based assumptions, expectations, norms, or stereotypes of men, in addition to exposing her genitalia to Mr. Weaver.

21. Despite repeated complaints about the harassing comments and conduct, Defendant created and tolerated this sex-based hostile work environment and failed to take prompt or effective remedial action to correct it.

22. Defendant knew about the harassing comments and conduct outlined above due to the numerous complaints it received from Mr. Weaver and his Supervisor, Mr. Chirmer, in addition to the open and notorious nature of the conduct.

23. Despite this knowledge, Defendant failed to stop the harassing conduct.

24. Defendant failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

25. The effect of the practices complained of in the foregoing paragraphs has deprived Mr. Weaver of the equal enjoyment of employment opportunities and otherwise adversely affected his status as an employee because of his sex.

26. The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to Mr. Weaver's statutorily protected Civil Rights.

## SECOND CLAIM FOR RELIEF

## CONSTRUCTIVE DISCHARGE

27. Since at least October 2020, Defendants have engaged in unlawful employment practices as detailed above in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Mr. Weaver to severe and pervasive harassment constituting a hostile work environment because of his sex.

28. Because of the unlawful employment practices detailed above, Mr. Weaver was subjected to intolerable working conditions which forced him to resign from his employment with Defendant.

29. The effect of the practices as detailed above has been to deprive Mr. Weaver equal employment opportunities and otherwise adversely affect his status as employee because of his sex.

30. The unlawful employment practices as detailed above were intentional and caused the aggrieved individuals to suffer pain and suffering.

31. The unlawful employment practices as detailed above were done with malice or with reckless indifference to the federally protected rights of the aggrieved individuals.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendants to make Mr. Weaver whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

B. Order Defendants to make the aggrieved individuals whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

C. Order Defendants to pay the aggrieved individuals punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

D. Order Defendants to make the aggrieved individuals whole by providing appropriate backpay with interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

RESPECTFULLY SUBMITTED this 26th day of May, 2023.

MOOSBRUGGER LAW, PLLC

Matthew V. Moosbrugger, Esq.
2415 E. Camelback Rd. Ste. 700
Phoenix, AZ 85016
*Attorney for Plaintiff*